WITTENMYER ET AL. *v.* DeTraz.

[No. 13,354. Filed October 23, 1929. Rehearing denied February 6, 1930. Transfer denied April 4, 1930.]

*George W. Long, George L. Tremain* and *Rollin A. Turner,* for appellants.

*Harry C. Meloy* and *Hugh D. Wickens,* for appellee.

McMAHAN, C. J.—Action by appellants as partners doing business under the name of "The Bank of Peebles" against Joseph DeTraz, to recover upon a promissory note signed by DeTraz and payable to his order. The complaint alleges the indorsement and delivery of the note by DeTraz to the Indiana Oil Refining Company, and its assignment by indorsement to the plaintiffs. Joseph DeTraz filed answers of (1) *non est factum;* (2) payment; (3) that the plaintiffs were not the real parties in interest, and that the note was in fact the property of the Indiana Oil Refining Company; (4) that the plaintiffs were not the real parties in interest, but that the refining company was the owner of the note, and that the defendant had paid the refining company the amount due and owing on the note, and also (5) a verified answer denying the indorsement by the refining company. Joseph DeTraz died before trial, and Oda DeTraz, administrator of his estate, was substituted as defendant. A trial by jury resulted in a verdict and judgment for the defendant. The error assigned is the overruling of appellants' motion for a new trial, the specifications of which are that the verdict is not sustained by the evidence, and is contrary to law.

The note in question is for $1,800, is dated December 13, 1921, payable to the order of the maker 60 days after date, with seven per cent interest and attorney fees, at the office of the Indiana Oil Refining Company. It is signed by Joseph DeTraz, and indorsed by him in blank. It is also indorsed as follows: "Indiana Oil Refining Co., By O. L. Bartlett, Pres., B. H. Heiner, Treas."; "O. L. Bartlett" and "H. B. Gaffin, Jr." Bartlett and Heiner were president and treasurer, respectively, of the refining company. Gaffin was secretary and director of the company, and the father-in-law of Bartlett. He was also one of the members of the partnership and director of the bank to which he assigned the note, and he is one of the appellants in the instant case. When the note was indorsed by DeTraz, he delivered it to Gaffin, secretary of the refining company. Bartlett, as president of the company, participated in indorsing and assigning the note to himself, and he thereafter indorsed the note and delivered it to his father-in-law, Gaffin, who, in turn, indorsed and delivered the same to the bank, of which he then was and is now a part owner. These indorsements and transfers were all made within eight days after the execution of the note. The evidence does not show the consideration for the execution of the note, or that there was any consideration for any indorsement, except that of Gaffin to the bank. Appellant Wittenmeyer, assistant cashier of the bank, testified that the bank became the owner of the note December 22, 1921; that P. A. Campbell, who was the cashier of the bank, and who is now dead, accepted the note for the bank; and that the bank paid $1,500 for the note. On January 19, 1922, which is about a month after Wittenmeyer said the bank had purchased the note, Gaffin wrote a letter to DeTraz, telling the latter that he, Gaffin, was the owner of the note, and asking that DeTraz make

arrangements to take it up when due, and asking whether he should send the note to DeTraz's bank for payment.

On December 16, 1921, three days after the execution of the note, a receiver was appointed for the refining company in an action then pending in the Bartholomew Circuit Court, the complaint in that action having been filed December 10, 1921. There is nothing in the books or records of the refining company showing that the note or any proceeds derived from it ever came into the possession of that company. The evidence is ample to sustain a finding that all of the indorsements on the note and the transfer to appellants were made for the purpose of defrauding the refining company. The evidence does not disclose the date when any of the indorsements were made, except that the note came into the possession of appellants December 22, which was six days after a receiver had been appointed for the refining company. While this court might not be justified in saying as a matter of law that Gaffin's title to the note was defective, the evidence is sufficient to have justified the jury in so finding. Under such state of facts, the burden was on appellants to prove that they, or some one under whom they claimed title, acquired the title as a holder in due course. §11418 Burns 1926, §59 Uniform Negotiable Instrument Act, Acts 1913 p. 120. We cannot say as a matter of law that they discharged that burden. Neither Gaffin nor the cashier who accepted the note from him, and who carried on the negotiations leading to the transfer of the note to the bank, testified. The only evidence upon this question is the statement of Wittenmeyer that appellants gave Gaffin, one of its directors, $1,500, for an $1,800 note, bearing seven per cent interest, due and payable in less than 60 days.

The verdict is sustained by the evidence and is not contrary to law.

Affirmed.